Leroy Harris
2512 Faiss Dr.
Las Vegas, Nevada 89134
(91) 747-2289
PLAINTIFF IN PROPER PERSON

FILED
_____ ENTERED _____ RECEIVED
_____ SERVED ON
COUNSEL/PARTIES OF RECORD

MAY 1 6 2023

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
### for the
### District of Nevada Division

LEROY HARRIS

               Plaintiff(s),

      -vs-

CLARK COUNTY SCHOOL DISTRICT

            Defendant(s).

CASE NO.  2:23-CV-00259-MMD-VCF

Response to Defendant Motion to Dismiss

**COME NOW** Plaintiff, LEROY HARRIS, in Pro Per, response to Defendant's Motion to Dismiss.

This motion is made and supported by a preponderance evidentiary documentation and attached

Memorandum of Points and Authorities.

DATED this 16th day of May, 2023

                            Leroy Harris in Pro Per

                            2512 Faiss Dr.

                            Las Vegas, NV 89134

                            Leroyharris61@gmail.com

Page 1 of 15

## PARTIES

1.      Plaintiff, Leroy Harris, (hereinafter "Plaintiff") is an individual who is currently, and was at all relevant times herein, a resident of the State of Nevada, County of Clark, City of Las Vegas.

2.      Defendants, CLARK COUNTY SCHOOL DISTRICT (CCSD) is political subdivision of the State of Nevada, Pursuant to NRS 386.010(2).  Its registered address is 5100 W Sahara Ave. Las Vegas NV 89146, within Clark County, Nevada. Defendant has more than 15, employees relevant to this matter.  All the acts and/or failures to act alleged herein were duly performed by and/or are attributable to Defendant's employees. Said acts and failures to act were duly performed within the scope of the agency or employment or were ratified by Defendant.

3.      Plaintiff, believes and alleges that at all times relevant herein, Defendant, Clark County School District employees at all times herein was acting within the scope and purpose of said Defendant.

## JURISDICTION & VENUE

4.      This court has original jurisdiction and venue over all civil actions arising under the Constitution, laws, or treaties of the United States.  All material allegations relative to the named Defendant that is contained within this complaint are believed to have occurred in the State of Nevada, in the County of Clark. This lawsuit is filed in this federal court pursuant to FRCP section 1331.

## MEMORANDUM OF P0INTS AND AUTHORITIES

## I.      INTRODUCTION

5.      Plaintiff commenced this action against the Defendant on February 22, 2023

Page 2 of 15

Plaintiffs alleges the following claims: (1) Title VII, ADA Denial of Reasonable Accommodations; (2) Title VII, ADA-Retaliation; (3) Title VII- ADA Wrongful Termination; and (4) Title VII ADA- Failure to Hire.

6.    Plaintiff brings this complaint for damages against Defendant Clark County School District, this is an action for damages arising from unlawful employment practices which were violations of federal law and Nevada Revised Statutes.  Plaintiff repeats and realleges each and every allegation set forth above in Paragraph 5 as though set forth fully herein.

## II.    FACTUAL ALLEGATIONS

7.    Plaintiff has a verified disability, he has a physical impairment that substantially limits a major life activity and he has a history of such a disability.

**Exhibit (1)**

8.  Plaintiff is a Nevada licensed teacher who is licensed in three teaching areas and school administration.  His license is active until June 2025.  This is factual evidence that validates his qualifications to teach in CCSD.

**Exhibit (2)**

9. Before teaching in Clark County School District (CCSD) Plaintiff worked as a teacher and administrator in Sacramento, California, which provides additional evidence that Plaintiff is qualified to teach and coach in the CCSD.

10.  Plaintiff's experience also includes five years working in the CCSD.

**Exhibit (3)**

11.  Plaintiff also has a BA degree from Idaho State University and an MA from California State University.  Additional evidence of his experience and qualifications to teach in CCSD. **Exhibit (4)**

Page 3 of 15

12.  In the school years 2017-18 and 2018-2019 Plaintiff was employed by CCSD as a physical education teacher at Bunker Elementary School.  Plaintiff had previously been a substitute teacher and high school football coach in CCSD from 2012-2017, This was approximately Plaintiff's 40th year as an educator.

13.    This discrimination case involves unlawful employment acts and disparate treatment by both Principal Pauline Mills and the CCSD.  Violations were Nevada Revised Statues noncompliance and federal law violations. **1.** ADAA Accommodations Violations **2.** Violation of Title VII of the Civil Rights Act-Retaliation **3.** Violation of NRS 613.34 Discrimination for opposing unlawful practice. **4.** Non-compliance with NRS 391.680 teacher evaluation. **5.** Non-compliance with NRS 391.725 Sec. 7 (reemployment of a probation teacher). **6.**Violation and non-compliance with ARTICLE 32- SAFETY OF Employee; Clark County Education Association Negotiated Agreement.

14.    Plaintiff's first year 2017-2018 at Bunker Elementary School he had the use of a wheelchair ramp to take his physical education equipment from his classroom to the playgrounds.

**Exhibit (5)**

15.    On or about August 2018, when Plaintiff returned for his second year, (2018-2019) the wheelchair ramp which he needed to transport his equipment was gone.

16.    During the period of August 2018 through December 2018, Plaintiff met with Mills (Defendant's employee), several times to discuss the missing ramp and the need for the accommodation due to his disability. Plaintiff's complaint was with good faith and belief that carrying equipment up and down stairs was a safety hazard that could be addressed by replacing the ramp. Under Title I of the American with Disabilities Act (ADA)

**Exhibit (6)**

Page 4 of 15

The employer is required by ADA to provide accommodations enabling a qualified individual with a disability to perform the essential functions of a job.

17.    On or about October 29, 2018, Plaintiff fell on stairs carrying equipment, injury was a Meniscus Tear in his left knee. The injury caused Plaintiff to make several doctor visits.

18.    On or about December 3, 2018, Plaintiff strained his back carrying equipment upstairs, an accident report was filed with Principal Mills.

19.    On or about December 5, 2018, Plaintiff met with Clark County Education Association (CCEA) union representative Ed Alvarado to seek advice   about his belief that the school was in violation of Article 32 Safety of the CCEA Contract. Mr. Alvarado advised Plaintiff to file complaint with the CCSD Diversity and Affirmative Action/ADA Office.

20..    Plaintiff met with Mills on or about December 18, 2018, Mills repeatedly failed to respond to Plaintiff's request for accommodations.  Alleged conduct violated the ADA, which prohibits discriminating against workers due to a disability and not providing reasonable accommodation for him unless it caused the employer an undue hardship. *(EEOC v. DTG  Las Vegas LLC Case No.: 2;23-cv-00510)*.  Plaintiff informed Mills that he would be filing a complaint with the CCSD ADA coordinator Cedric Cole. Protected activity consists of requesting a reasonable accommodation for a disability.

**Exhibit (7)**

21.    On or about December 20, 2018, a pattern of retaliatory conducti begin when Plaintiff received a document from Principal Mills, Labeled RECORD OF PERSONNEL NOTIFICATION. This was a discipline document which started a series of adverse employment actions, for the purpose of retaliation. (*Ruggles v. California Polytechnic State University.*, 797 F.2d 782   Plaintiff was a protect person who engaged

in a protected activity-(In the case of ADA retaliation, a protected activity would be seeking reasonable accommodation under ADA. Plaintiff was filing a complaint and opposition with CCSD ADA Coordinator. Mills was aware of Plaintiff's protected conduct, *Cohen v. Fred Meyer, Inc.,* 686 F 2d 793, 796 (9th Cir.1982) **Exhibit (9)**

22.    On or about February 14, 2019, Mills retaliatory conduct continued when Plaintiff received a second discipline document, Labeled RECORD OF PERSONNEL NOTIFICATION. **Exhibit (9)**

. 23.    On or about March 21, 2019, Plaintiff received a performance evaluation from Principal Mills in which he received a **Final Rating of Developing.** :Plaintiff was not afforded to have a proper evaluation under the procedures required by NRS 391.680 (teacher evaluation).  Principal Mills made arbitrary notations, information and notations that were not correct.. **Exhibit (10)**

24.    On or about April 26, 2019, Plaintiff received a letter of Notice of Non-Reemployment of Probationary Employee.  Decision was based on a Licensed Employee Appraisal Report dated April 03, 2019. Plaintiff alleges that this Report was never presented to him and there is no evidence or verification that it exists. Subsequently, Plaintiff refused to sign notice when Principal refused to provide him with a copy of the Licensed Employee Appraisal Report dated April 03, 2019.

25.    Plaintiff's understanding from the Non-Reemployment of Probationary Employee Date April 26, 2019, he was suspended for one year 2919-2020 school year.

**Exhibit (11)**

26..    On April 27, 2019, Plaintiff sent a letter to Cedric Cole-Executive Manager Diversity and Affirmative Action alleging Title VII violations of retaliation against him for his opposition and complaining about ADAAA violations.

27..    Plaintiff attended a Clark County School Board of Trustees meeting on or

Page 6 of 15

about May 16, 2019, Plaintiff alleged to the board that the substantial motivating factors in defendant's decision not to renew his contract was retaliation for Plaintiff's exercise of his Title VII Civil Rights and NRS 613.310 to 613.4383, inclusive.

28.    Plaintiff presented specific allegations of discrimination and asked for an investigation of his allegations.  Superintendent Jesus Jara assigned Region Assistant Superintendent Grant Hanevold and Human Resource Director Andre Long to review Plaintiff's allegations.

29.    Superintendent Hanevold informed Plaintiff that he would assign Associate Superintendent Ann Hembrook to investigate Plaintiff's discrimination allegations, Hembrook was area supervisor to Principal Mills. Plaintiff was never contacted or interviewed by Hembrook

30..    During the period of June 2019 through July 2019 plaintiff attempted to be a substitute teacher and coach high school football, Plaintiff had the opportunity to be hired as a football coach at Canyon Springs High School, where he was interviewing for a position. Plaintiff was denied both, coaching badge for high school coaching and was denied the opportunity to be a substitute teacher.  Plaintiff was qualified to be a high school coach. **Exhibit (13)**

31.    Plaintiff waited a year in compliance with the non-re-employment letter which stated plaintiff could not work the 2019-2020 school year.

32.    Plaintiff began to exhaust administrative remedies when he filed his first discrimination complaint with the U.S. Equal Employment Opportunity Commission (EEOC) in October 2019.

33.    Plaintiff dropped his October 2019 complaint when he was given the opportunity to meet with a District Administrator Tammy Malich, from Education

Page 7 of 15

Services Division, who indicated to Plaintiff that she would look into his allegations and possibly get him reassigned to a teaching position. She never replied back to Plaintiff

.

34.     During the period of June 2020 through August 2020, Plaintiff applied for eight teaching positions in his licensed area, including applying to be a substitute teacher. Plaintiff was denied on every application. **Exhibit (14)**

35.     On or about June 2020 the Department of Employee Management Relations informed Human Resources that plaintiff was not eligible for rehire due to his subpar performance while employed as a Probationary Teacher. This action was noncompliant with NRS 391.725 sec. 7 (Nevada Senate Bill 475)-Plaintiff had received an evaluation of developing, which made him, eligible for reemployment.

36.     Plaintiff continued to exhaust administrative remedies concerning his Title VII claim, when he filed another discrimination complaint December 4, 2020, with the EEOC No. 34B-2021-00302, and the NERC No. 0223-21-27. 0093I. **Exhibit (15)**

37.     Plaintiff made another attempt to exhaust administrative remedies by filing a Request for Remedy. Petition with the Nevada Equal Rights Commission (NERC) January 21, 2021.

38.     NERC provided Defendant with numerous opportunities to meet and remedy the charges, Defendant elected not to participate.

39.     Plaintiff repeats and realleges each and every allegation set forth above in Paragraphs. 1-39

40.     In the December 04, 2020, Charge of Discrimination against his employer (CCSD) with the United States Equal Employment Commission ("EEOC"). Plaintiff Harris stated that he was subjected to unlawful discrimination in employment due to his

Page 8 of 15

disability, his charge alleged unlawful retaliation, layoff, failure to accommodate, and failure to hire. EEO No. 34B-2021-00302 and NERC No 0223-21-00931. **Exhibit (15)**

41.    The EEOC provided notice to Clark County School District that Plaintiff Harris had filed Notice of Charge of Discrimination on or about September 13, 2021.  The notice was sent to Cedric Cole, Executive Director Mgr., and Diversity & Affirmative Action.

42.    Plaintiff afforded CCSD the opportunity to conciliate the charge on its own behalf, with the Nevada Equal Rights Commission (NERC).

43.    Plaintiff attempted to participate in an Informal Settlement Meeting (ISM) which was scheduled for Monday, October 25, 2021.  CCSD elected to waive participation in the settlement conference, since CCSD elected to not participate, therefore the ISM was cancelled.

44.    Plaintiff was willing to participate in the NERC informal settlement conference, February 15, 2022, NERC informed Plaintiff the CCSD elected to waive participation in the settlement conference.

45.    NERC issued Plaintiff Harris **Right-to Sue Notice,** dated September 26, 2022, to file a lawsuit in state court pursuant to Nevada Revised Statute (NRS) 613.420.

46.    When Plaintiff received Right-to-Sue-Notice September 26, 2022, therefore, this action could have went forward in state court. Plaintiff had exhausted his administrative remedy on all claims pled hereunder prior to filing court action.

47.    Plaintiff was issued a **Notice Right to Sue letter** January 30, 2023, by U.S. Equal Employment Opportunity Commission (EEOC)(Disability Rights Section).  This action has been filed with this Court within 90 days of the EEOC mailing.  **Exhibit (16)**

Page 9 of 15

## III.  American with Disabilities ADA Violations

### (A) DENIAL OF REASONABLE ACCOMMODATION

### DISCRIMINATION FOR PURSING AN ACCOMMODATION

### (NRS 613.340)

48.    Plaintiff repeats and realleges each and every allegation set forth above in Paragraphs 1-47.

49.    Defendants CCSD, Principal Mills denied Plaintiff reasonable accommodations that Plaintiff needed because of his disability, in violation of the American with Disability Act (ADA). Title VII (August 2018-December 2018).  Principal Mills had the wheelchair ramp removed during the summer of June or July, of 2018. Subsequently Plaintiff had to carry his physical education up and down stairs. The two previous teachers and Plaintiff's replacement all had the use of the wheelchair ramp. Plaintiff argues that deliberate indifference on the part of Principal Mills is well established and evidence supports a causal link between Mills deliberate indifference and Plaintiff's harm and injury.

50.  Plaintiff established that (1) he requested accommodation due to his disability and his supervisor knew that he was experiencing workplace problems because of the disability. Plaintiff experienced two injuries) and the School District could have made a reasonable accommodation if Principal Mills had made the request. *Barnett v. U.S. Air, Inc.* 228 F.3d 1105, 112-14 (9th Cir.2000).

51.    Defendants CCSD, violated Title II of the Civil Rights Act when they retaliated against Plaintiff by denying him reemployment, when he raised concerns about conditions that had a negative effect on his safety and his opposition to the unlawful employment practice by the district. (December 2018-April 2019). NRS 613.340

Page 10 of 15

## (B) RETALIATION

52.    Plaintiff repeats and realleges each .

allegation set forth above in Paragraphs 1-51.

53.    Plaintiff was engaged in "protected activity".

54.    The protected activity was seeking reasonable accommodation under the ADAAA law based on disability.

55.    Defendant Mills, CCSD and DOES I through X, retaliated against Plaintiff after his repeated opposition and complaints about the ADA violations.

56.    There was causation that the protected activity played some part in the reprisal dated on or about December 20, 2019, and these discrete unlawful employment acts continued through August 2020, when Plaintiff was denied the opportunity to be a regular teacher and substitute teacher.

57.    Defendant CCSD nonretaliatory reasons articulated are pretextual.
.Plaintiff asserts his 2019 evaluation conducted by Defendant Mills was not in compliance with Nevada statutes in that he was not provided an opportunity to improve on his developing evaluation as required by. NRS 391.680.  As a result of Defendant Mills unlawful actions and negligence, Plaintiff was denied reemployment by CCSD.

58.    Plaintiff asserts he was unlawfully fired by CCSD because he was a member of a protected group. Firing was because Plaintiff had made a lawful request. (Opposition to federal violation). NRS 613.330. Failure to renew Plaintiff probationary status for discriminatory reasons, reasons were in non-compliance with Nevada statutes. NRS 391.725 section 7(Nevada SB 475)

59.    Failure to rehire Plaintiff, a qualified teacher with a disability. in the 2020-2021 school year.

60.    Plaintiff showed (1) that he engaged in an activity protected by the ADA, (2) he suffered several  adverse employment decisions, and (3) there was causal link

between his activity and the adverse employment decisions. *Barnett,* 228 F3d at 1121.

## (C)  UNLAWFUL TERMINATION OF EMPLOYMENT
### (NRS 613.330.)
### NRS 391.725 SECTION 7

61..    Plaintiff repeats and realleges each and every allegation set forth above in Paragraphs 1-56.    Plaintiff was wrongfully terminated because of his disabilities.

62.    Plaintiff also alleges his persistence in pursuing accommodation contributed to the Defendant's decision to terminate him.

63.    Plaintiff met the criteria to be reemployed in compliance with NRS 391.725 which was to protect qualified teachers from arbitrary decisions regarding continued employment.

64.  The school board did not follow the procedures required by statute in the non-renewal of a probationary teacher.

## (D) FAILURE TO HIRE

65.    Plaintiff repeats and realleges each and every allegation set forth above in Paragraphs 1-61.    Failure to rehire Plaintiff, a qualified teacher with a disability. in the 2020-2021 school year. Plaintiff applied for eight positions in his Nevada license credential area, every application was rejected in June, July, and August 2020.

66..    Plaintiff has credentials in three subject areas and in school administration. license is active until June 2025. Plaintiff has a disability and was qualified to do the jobs for which he applied.

67.    After being rejected in eight attempts to get a teaching position Plaintiff applied to be a substitute teacher and a high school football coach, again his applications were rejected.

68.    CCSD Department of Human Resources was advertising for teachers

Page 12 of 15

license teachers and substitutes while being plagued by a shortage of teachers, still rejecting Plaintiff Harris applications for employment. **Exhibit (17)**

69.    Plaintiff alleges that he was not hired because of his disability. There is sufficient evidence to create a genuine issue of fact that the nonretaliatory reasons which CCSD articulated were pretextual.

## IV. LEGAL STANDARD

70.    Federal Rule of Civil Procedure provides that a complaint must set out "a short plain statement of the claim showing that the pleader is entitled to relief." Where a complaint falls short of this standard, a court may dismiss the deficient claims for failing to provide a basis for the possibility of granting relief. Fed R. Civ. P. 12(b)(6).  The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter, on its own. Fed. R. Civ. P. 12(f)(1).

71.    "To survive a motion to dismiss under 12(b)(6) a complaint must state a claim to relief that is plausible on it's face" *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Adams, 747 F.3d at 728.

"It is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief…by providing allegations. that 'raise a right to relief above the speculative level. *E.E.O.C. v. Concentra Health serves., Inc.,* 496 F.3d 773, 777 (7Cir. 2007) *The* court construes the complaint "in the light most favorable to the nonmoving party, accept{s} well-pleased facts as true, and draw all inferences in (his) favor." *Reynolds v. CB Sports Bar, Incl,* 623 F 3d, 1143, 1146 (7th Cir. 2010).  In sum, a claim should not be dismissed "where the well pleaded facts permit the court to infer that Plaintiff has produced evidence that genuine issues of material fact exist such that dismissal is not warranted on Plaintiff's complaint.

Page 13 of 15

## V. LEGAL ARGUMENT

72.    Plaintiff response to Defendant's motion to dismiss entitles him to a judgment as a matter of law.  Defendant's motion fails to properly support an assertion of facts,

## VI.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests the following relief:

1.    For reinstatement as a CCSD employee

2.    For lost wages front and back pay.

3.    For damages in an amount in excess of $15,000.

4.    For reasonable legal fees and cost.

5.    For any and all further relief deemed appropriate by this Court.

## VII.  CONCLUSION

73.    The Defendant has blatantly and maliciously violated the Nevada and U.S. Constitutions, Nevada Revised Statutes, and federal civil laws. Based on the forgoing, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss Plaintiff's Complaint...

74..    I declare under penalty of perjury under the law of State of Nevada that the foregoing is true and correct. All documents and photos are correct proof of incidents and actions of Defendants.  Respectfully submitted on:

DATED this __16____day May, 2023

Leroy Harris-Pro Per
2512 Faiss Dr.
Las Vegas, NV 89134
Leroyharris61@gmail.com

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 16th day of May, I had a true and correct copy of the foregoing served. **PLAINTIFF'S RESPONSE TO DEFENDANT' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**, was served via Registered US Mail upon the following.

Betty J. Foley
5100 West Sahara Ave.
Las Vegas, Nevada 89146
Attorney for Defendant
Clark County School District

Page 15 of 15

# UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

Case Number: 2:23-cv-00259-MMD-VCF

Case Title:  Harris vs. Clark County School District

## Index of Exhibits

1. Back and Hip Pictures pages 1-3
2.  Teaching License Pages 4-5
3.  Teaching Background 6-8
4. College Degrees Pages 9-11
5. Pictures Wheelchair Ramp Pages 12-13
6. P.E. equipment & stairs Pages 14-16
7. CCEA Contract Pages 17-19
8. ADA Compliance request Pages 20-21
9. RECORD PERSONNEL NOTIFICATION Page 22-24
10.     Plaintiff Harris Annual Evaluation Pages 25-30
11.     Non-re-employment Notice Page 31-32
12.     Letter to Cedric Cole 33-35
13.     Coaching Resume Pages 36-37
14.     Rejected Applications Pages 38-48
15.     Discrimination Complaint Pages 49-51
16.     Right to Sue Pages 52-55
17.     Teacher Shortage Pages 56-60

# UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

Case Number: 2:23-cv-00259-MMD-VCF

Case Title:  Harris vs. Clark County School District

## EXHIBIT 1

## Disability Evidence Pages 1-3

Page 1

Cobalt-chrome alloy

Patient Name: HARRIS, LEROY  Date of Birth: 8/2/1947
MRN: 02994578                                    Accession: 39281675
                              Exam Date: 8/12/2009 18:15:00

PELVIS

ap



Page 2

73510

DERIVED/P

Page 1/1



Page 3

# UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Case Number: 2:23-cv-00259-MMD-VCF

Case Title:  Harris vs. Clark County School District

## EXHIBIT 2

## Teaching License Pages 4-5

Page 4

# State of Nevada
## License for Educational Personnel
### License No. 94026

#### This License Certifies That

#### Leroy Harris

Has complied with the prescribed rules and regulations of the Commission on Professional Standards in Education and that the Superintendent of Public Instruction has granted this license which authorizes the holder to provide service in the schools of the State of Nevada in the following areas :

| License | Grade Level | Original Endorsement Issue Date | Endorsements | License Issue Date | Expiration Date |
|---|---|---|---|---|---|
| Standard - Secondary | 7-12 | 03/29/2012 | Physical Education | 06/05/2020 | 06/02/2025 |
| Standard - Secondary | 7-12 | 02/18/2015 | History of the US and World | 06/05/2020 | 06/02/2025 |
| Standard - Special | K-8 | 10/12/2016 | Physical Education | 06/05/2020 | 06/02/2025 |
| Standard - Special | K-12 | 03/29/2012 | School Administrator | 06/05/2020 | 06/02/2025 |

## Provisions to be satisfied

| Provisions | Required Due Date |
|---|---|
| Must submit official transcript      UNLV transcript | 09/30/2020 |

## Renewal Requirements

| Renewal Requirements | Required Due Date |
|---|---|
| Must submit proof of annual professional development activities pursuant to Administrative Regulation R110-18. | 06/02/2025 |

_____
**State Superintendent of Public Instruction**

Page 5

# UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

Case Number: 2:23-cv-00259-MMD-VCF

Case Title:  Harris vs. Clark County School District

## EXHIBIT 3

## Teaching Background  Pages 6-8

Page 6

## *PROFESSIONAL EDUCATIONAL HIGHLIGHTS*

**PHYSICAL EDUCATION TEACHER-**                    08/01/2017-06/01/2019
**Bunker Elementary/ Clark County School Dist.**

**GUEST TEACHER/FOOTBALL COACH**                 04/16/2012- 06-30-2017
**Clark County School Dist.**

**TEACHER/FOOTBALL COACH**                              2010- 2011
**Twin Rivers Unified School**
**Grant High School**

**TEACHER**                                                             2007-2010
**Grant Joint Union HSD**
**Rio Linda Jr. High**

**SITE ADMINISTRATOR**                                        1998-2007
**Pacific High School**
**Continuation High School**

**PRINCIPAL**
**Foothill Farms**                                                     2002 (Summer)
**Rio Linda Jr. High**                                             2003 (Summer)
**Grant High School**                                             2004 (Summer)

**VICE PRINCIPAL**                                                1993-1998
**Grant High School**

**VICE PRINCIPAL**                                                1991-1993
**Martin Luther King Jr. JHS**

**TEACHER**                                                             1989-1991
**Martin Luther King Jr. JHS**

**PRIVATE BUSINESS**                                          1987-1989
**Restaurant-Owner**

**PRIVATE BUSINESS**                                          1981-1987
**Sacramento County**
**Probation Youth Home**

**Counselor**                                                            1971-1981
**Highlands High School**

CLARK COUNTY SCHOOLS Guest Teacher (2012-present)

| **Middle Schools** | **High Schools** |
|---|---|
| Bailey, Dr. William H. "Bob" MS | Rancho  High School |
| Cortney, Francis H.  MS | Desert Pines High School |
| Fremont, John C. MS | Sunrise Mountain High School |
| .Harney, Kathleen  MS | Valley High School |
| Keller,Duane MS | Clark, Ed. W High School |
| Mack, Jerome MS | Bonanza High School |
| Martin, Roy MS | Spring Valley High School |
| Monaco, Mario MS | Silverado High School |
| O'Callaghan, Mike MS | Liberty High School |
| Cashman, James MS | Palo Verde High School |
| Guinn, Kenny MS  ' | Shadow Ridge High School |
| Tarkanain, Lois and Jerry MS | Western High School |
| Greenspun, Barbara  MS | Cheyenne High School |
| Lawrence, Clifford JHS | Centennial High School |
| Sedway, Marvin MS | Coronado High School |
| Sawyer, Grant  MS | Legacy High School |
| Faiss, Wilbur  MS. | Durango High School |
| Silvestri, Charles  MS | Desert Oasis |
| Gibson, Robert  MS | Green Valley High School |
| Garside, Frank  MS | Canyon Springs High School |
| Escobedo, Edmundo MS | Mojave High School |
| Lied, MS | Arber View High School |
| Johnston MS | Canyon Springs High |
| Johnson, Walter MS | Green Valley High School |
| Findlay MS | |
| Hyde Park, MS | |
| Brinley MS | |

**UNITED STATES DISTRICT COURT**

DISTRICT OF NEVADA

Case Number: 2:23-cv-00259-MMD-VCF

Case Title:  Harris vs. Clark County School District

# EXHIBIT 4

## College Degrees  Pages 9-11

Page 9

The Trustees of

The California State University

on recommendation of the faculty of the

School of Education

of

California State University, Sacramento

have conferred upon

Leroy Harris

in recognition of the fulfillment of the requirements, the degree of

Master of Arts in Education

(Educational Administration)

with all the rights, privileges, and honors thereto pertaining.

Given at Sacramento this thirteenth day of January, nineteen hundred seventy-six.



_Governor of California and President of the Trustees_

_Chancellor of the California State University_

_Chairman of the Board of Trustees_

_President of the University_

# Idaho State University

Know all persons that we the State Board of Education,
upon the recommendation of the President and the Faculty
of the Idaho State University have admitted

## Aeng Harris

to the degree of

### Bachelor of Arts

Secondary Education

with all the rights and responsibilities pertaining thereto

In Testimony Thereof, we have subscribed our names on this twenty-third day
of January, nineteen hundred and seventy.

Secretary, Idaho State Board of Education

President of Idaho State University

Idaho State Board of Education

Page 11

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Case Number: 2:23-cv-00259-MMD-VCF

Case Title:  Harris vs. Clark County School District

# EXHIBIT 5

# Wheelchair ramp Pages 12-13

Page 12





Page 13

# UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

Case Number: 2:23-cv-00259-MMD-VCF

Case Title: Harris vs. Clark County School District

## EXHIBIT 6

## P.E. Equipment and Stairs Pages 14-16

Page 14





Page 15





Page 16

**UNITED STATES DISTRICT COURT**

DISTRICT OF NEVADA

Case Number: 2:23-cv-00259-MMD-VCF

Case Title:  Harris vs. Clark County School District

# EXHIBIT 7

## CCEA Contract  Pages 17-19

Page 17

# Negotiated Agreement

# between the

# Clark County School District

# and the

# Clark County Education Association




## 2015-2017

Page 18

31-5-3    A teacher's entire preparation period will not be utilized, and a minimum of ten (10) minutes will be left for use at the sole discretion of the affected individual teachers.

31-5-4    If the District directs more than four (4) periods per school year and no waiver is in place pursuant to Article 38, the affected teachers will receive payment of their contractual rate of pay for violation of Article 31-5-1.

31-5-5    Any dispute arising out of Article 31 shall be scheduled and heard expeditiously before the Grievance Review Committee, Summary Arbitration, and/or Arbitration under Article 4.

## ARTICLE 32
## SAFETY

32-1    A teacher will not be required to perform any duty or act which threatens the teacher's or student's physical safety or well-being except normal risks involved in carrying out teaching duties.

## ARTICLE 33
## EQUITABLE TREATMENT

33-1    All employees have a right to work in an environment free of unlawful discrimination, and statutory remedies are available to address these concerns. Although resolution of such disputes is outside the grievance and arbitration provisions of this Agreement, both the District and the Association assure all employees of the District of their intent to avoid such conduct and to assist employees in promptly resolving such disputes if they occur.

## ARTICLE 34
## INSTRUCTIONAL DISCRETION

34-1    Instructional discretion is defined as the discretion to teach about controversial issues which have economic, political, scientific, or social significance within the adopted curriculum standards and guidelines of the Clark County School District.

34-2    The Association recognizes that the principal is the instructional leader of the school.

34-3    The district recognizes that instructional discretion is essential to the fulfillment of the educational purposes of the Clark County School District.

34-4    Teachers shall have the discretion to use supplemental materials relevant to the levels of maturity and ability of the student and consistent with adopted curriculum standards and guidelines.

34-4-1    Specific techniques are left to the discretion of the teachers so long as they are consistent with adopted curriculum and instructional standards.

34-5    A joint committee of District and Association representatives shall be formed to discuss Curriculum and Instruction issues.

Page 19

**UNITED STATES DISTRICT COURT**

DISTRICT OF NEVADA

Case Number: 2:23-cv-00259-MMD-VCF

Case Title:  Harris vs. Clark County School District

# EXHIBIT 8

## ADA Accommodation request  Pages 20-21

Page 20

Diversity and Affirmative Action/ADA and Title IX Programs

# CCSD

5100 W. SAHARA AVE • LAS VEGAS, NV 89146

**CLARK COUNTY**
**SCHOOL DISTRICT**

TEL. (702) 799-5087 • FAX (702) 799-5257

BOARD OF SCHOOL TRUSTEES

Deanna L. Wright, President
Carolyn Edwards, Vice President
Lola Brooks, Clerk
Linda P. Cavazos, Member
Kevin L. Child, Member
Chris Garvey, Member
Dr. Linda E. Young, Member

Jesus F. Jara Ed.D., Superintendent

December 26, 2018

Leroy Harris
2905 Big Green Ln.
Las Vegas, NV 89134

ADA: Request for Accommodation

Dear Mr. Harris:

It has come to my attention that you may require a workplace accommodation due to a medical condition. Please note that this is the first step in the *interactive process*. Also note that a district official and/or someone representing my office may be contacting you to request additional information or to ask additional questions regarding your possible need for an accommodation. In the event you are contacted for additional information, I ask that you please provide timely responses so that your need for an accommodation can be fully reviewed and considered.

In the meantime, I have included a letter and questionnaire you will need to take to your healthcare provider/doctor. This information will need to be returned to our office within ten (10) days from the date of this letter. Please know that my first objective is to work with you and/or your site supervisor to identify reasonable accommodations that will allow you to continue to perform the essential functions of your current job. However, in some instances, employees are assessed by their healthcare provider/doctors and it is determined that they may no longer be capable of performing the essential functions of their job even with reasonable accommodations. It may also be determined that an employee's medical condition may pose a *"direct threat"* to themselves or others.

Please note that in the event I receive information from your healthcare provider/doctor, which indicates that you are no longer capable of performing the essential functions of your job, even with reasonable accommodations, and/or your condition poses a direct threat to you or to others, you may be unable to remain in your current position.

With that, I want to personally thank you in advance for your patience and cooperation during the processing of your accommodation request.

Sincerely,

Cedric Cole
Executive Manager
Diversity and Affirmative Action/
ADA and Title IX Programs

Page 21

**UNITED STATES DISTRICT COURT**

DISTRICT OF NEVADA

Case Number: 2:23-cv-00259-MMD-VCF

Case Title: Harris vs. Clark County School District

# EXHIBIT 9

## Adverse employment reprisal    Pages 22-24

Page 22

9998-500021

CLARK COUNTY SCHOOL DISTRICT

# RECORD OF PERSONNEL NOTIFICATION

CCF-21(Rev. 7/03)

| | | |
|---|---|---|
| Employee: | Leroy Harris | Date of Notification: _12/20/18_ |
| Work Location: | Bunker ES Location #250 | Assignment: PE Teacher |
| | | Soc. Security #: _1265_ |

[X] Licensed   [ ] Unified   [ ] School Police   [ ] Support Staff

Page _1_ of _2_

Specific Nature of Notification:   **WRITTEN WARNING**

This document will serve notice that your performance is seriously below standard and must improve.

The facts upon which this document is based are as follows:

Since the start of this school year, on six different occasions (9/27/18, 9/27/18, 10/24/18, 11/5/18, 11/16/18, and 12/4/18), you have been directed to plan and carry out developmentally appropriate lessons to account for the differences between primary and intermediate grade levels. You have consistently failed to do this (Infraction #1). The effect this has had on the students has resulted in low standards of skill development and expectations for personal performance.

Additionally, you have been directed to improve your classroom management on 9/7/18, 9/27/18, 10/24/18, 11/5/18, 11/16/18, 12/4/18 and this continues to be a significant problem in your classroom. (Infraction #2). Your students spend most of their PE time waiting while you set up equipment as you have inconsistent routines or procedures in place. Refocusing cues have not been observed apart from calling out the word 'hey' as observed on 9/7/18, 10/23/18, 11/16/18, 12/14/18. Students are frequently unresponsive to your directions and appeared oblivious to your attempts to provide directions, including, but not limited to on 9/7/18, 10/23/18, 11/16/18, 12/14/18. There are many missed opportunities to engage students in physical activity due to poor preparation for each lesson.

On 12/11/2918, an investigatory conference was held. Present at the conference were you, Leroy Harris (PE teacher), Denise Georgi (Assistant Principal) and me, Pauline Mills (Principal), During the conference you confirmed that you were aware that you had been directed multiple times to plan K-5 developmentally appropriate and differentiated lessons. You stated that you felt you had taken care of it and had answered the question enough times. You also stated that I could "put down whatever I wanted" in response to my investigative questions during this conference. You conducted yourself in an unprofessional manner by being disrespectful with your responses. When asked what you would be teaching during your next class period, you were unable to answer and stated, crassly, 'Whatever I have written down.' (Infraction #1)

You further explained that you were aware that you had been directed to improve your classroom management six times since the beginning of the school year. You stated that you felt your class was under control. You stated that you did not know how to manage 60 second graders. When asked to describe your classroom management plan, you stated that you talk to students, give them warnings, inform the teacher, give time out, single them out and tell them you will have a parent conference. You stated that you did not have your routines and procedures posted but you just remind them. You also stated that you see no problems with your management plan. (Infraction #2)

Previously, on 03/14/2018, you were issued disciplinary a document for not following your lesson plans. You were also issued a supervisory document on 9/27/2018 regarding your lesson plans failing to be developmentally appropriate. The Humanities director observed lessons on 9/14/18 and 10/15/18, provided side by side coaching as you observed another PE teacher on 10/2/18, and provided a lesson plan template for you on 10/15/18. While there has been some improvement in the lesson plans, you still produce the same lesson plan for multiple grades and appear to not sufficiently understand how a kindergarten lesson is different from a 5th grade lesson. There has been minimal improvement to your lessons and students are still spending too much time waiting for you to get them started. Lessons are not engaging, students are frequently disinterested and you have not established a rapport with your classe[...] [...]consistent failure to utilize the resources you have been provided with to help you develop effective lesso[...]

**Page 23**    2

9998-500021
CLARK COUNTY SCHOOL DISTRICT                    CCF-21(Rev. 7/03)

# RECORD OF PERSONNEL NOTIFICATION

Date of Notification: 2/14/2019

Employee: **Leroy Harris**                    Assignment: PE Teacher

Work Location: **Bunker ES #250**              Soc. Security #: 1265

[X] Licensed    [ ] Unified    [ ] School Police    [ ] Support Staff        Page 1 of 1

Specific Nature of Notification: **SUMMARY OF CONFERENCE**

---

This document will as the summary of the investigatory conference held on 2/1/2019

The facts upon which this document is based are as follows:
You were asked about a fighting incident involving 4 students on the field during your lunch duty of 1/29/2019. In your written statement you said the students throw balls at each other on a regular basis. You were informed that one student was crying and you responded: 'No, they were playing."
When asked how you typically supervised your duty area you stated that, 'If they do play negative, I walk them to their teacher.'

You were also asked why your strategy board was not completed for the staff 'Share Fair' on 21/30/2019. You said that you had everything cut out but not glued. I went to the cafeteria to see what others were doing first.'

You were unable to explain the content of your board and stated that 'Maybe I didn't understand.' You further stated that you had asked your group for clarification.

You were offered the option of changing your duty station and you stated you would work anywhere you were assigned. During a follow up conversation, you shared that you now move to the center of the field so you could be in closer proximity to the students.

You are hereby directed to:
1. Continue to monitor students at duty.
2. Be fully prepared to share your strategy at the next 'Share Fair' in May with:
   a. A challenge you are experiencing in the classroom.
   b. A possible solution to that challenge that you implemented.
   c. The results of your intervention.

A repeat of this misconduct or your failure to improve may result in further discipline and/or an unsatisfactory appraisal report. I will continue to be available to provide supervisory direction and assistance to help you to satisfactorily fulfill your job responsibilities.

\*Signature of Employee          Date 2/14/19          Signature of Supervising Administrator

[ ] A response will be made within timelines established by the appropriate negotiated agreement.
[ ] A response was submitted on _____
                                        Date                          Signature of Administrator Receiving CCF-9

\*    A signature on this summary does not necessarily mean the employee agrees with the opinions expressed, but merely indicates the employee has received this notice.

DISTRIBUTION: Original - Appropriate Region Supt., then Assoc. Supt. Human Resources Division    1st Copy - Supervising Administrator - Work Location File    2nd Copy – Employee

Page 24

**UNITED STATES DISTRICT COURT**

DISTRICT OF NEVADA

Case Number: 2:23-cv-00259-MMD-VCF

Case Title:  Harris vs. Clark County School District

# EXHIBIT 10

## Plaintiff's Evaluation  Pages 25-30

Page 25

CCF - 8

# NEVADA EDUCATOR PERFORMANCE FRAMEWORK
## 2018-2019 TEACHER EVALUATION SUMMATIVE RATING TOOL
### EDUCATIONAL PRACTICE & STUDENT PERFORMANCE

Teacher Name: Leroy Harris

Date: 3/22/2019

Assignment/Grade Level: PE Teacher

Dates of Observations: (10/20/2018) (10/1/2018)
(9/18/2018) (9/14/2018) (10/2/2018) (9/27/2018)
(9/14/2018) (9/7/2018) (3/6/2019) (3/5/2019)
(3/6/2019) (3/5/2019) (8/29/2018) (3/7/2019)
(2/1/2019) (2/10/2019) (1/30/2019) (1/14/2019)
(12/4/2018) (12/4/2018) (11/28/2018) (11/16/2018)
(11/5/2018) (8/10/2018) (11/7/2018) (8/8/2018)
(10/30/2018) (10/23/2018)

School Name: Bunker ES

Evaluator: Pauline Mills and Denise Georgi

Dates of Conferences: (9/7/18) (9/10/18) (9/27/18)
(10/03/2018) (10/12/18) (11/16/2018) 11/28/2018)
(12/05/2018) (12/11/2018) (1/16/2019) (1/29/2019)
(2/14/2019) (3/12/2019)

## SECTION 1: Domain Scores

*Use the rubrics and evidence recorded throughout the cycle for determining performance levels (1–4 whole numbers only).*

Instructions: To insert scores, double click the table below to allow access to the embedded Excel spreadsheet.

**Page 26**

11/15/2018
Final 2018-2019

CCF - 8

## INSTRUCTIONAL PRACTICE DOMAIN SCORING

| Performance Level (PL) | Standard 1 | Standard 2 | Standard 3 | Standard 4 | Standard 5 | Instructional Practice Score (average of Standard scores) | Instructional Practice Domain Score (IP score x 45%) |
|---|---|---|---|---|---|---|---|
| Indicator 1 | 2 | 2 | 1 | | | | |
| Indicator 2 | 2 | 2 | 2 | 2 | 2 | | |
| Indicator 3 | 2 | 2 | 2 | 1 | 2 | | |
| Indicator 4 | 2 | 2 | 1 | 1 | 2 | | |
| Standard Score (average of Indicator PLs) | 2 | 2 | 1.5 | 1.333333333 | 2 | 1.766666667 | 0.795 |

## PROFESSIONAL RESPONSIBILITIES DOMAIN SCORING

| Performance Level (PL) | Standard 1 | Standard 2 | Standard 3 | Standard 4 | Standard 5 | Professional Responsibilities Score (average of Standard scores) | Professional Responsibilities Domain Score (PR score x 15%) |
|---|---|---|---|---|---|---|---|
| Indicator 1 | 2 | 2 | 2 | 3 | 3 | | |
| Indicator 2 | 2 | 2 | 2 | 2 | 3 | | |
| Indicator 3 | 2 | 2 | 2 | 2 | 3 | | |
| Standard Score (average of Indicator PLs) | 2 | 2 | 2 | 2.333333333 | 3 | 2.266666667 | 0.34 |

## STUDENT PERFORMANCE DOMAIN SCORING

| | Score | Student Performance Domain Score (SLG score x 40%) |
|---|---|---|
| Student Learning Goal (SLG) performance level of 1-4 whole number only is determined according to SLG rubric) | 2 | 0.8 |

| Summative Evaluation Score | 1.94 |
|---|---|

Page 27

11/15/2018
Final 2018-2019

CCF - 8

## SECTION 2: Summary of Evidence

I, LeRoy Harris, have received a copy of the signed observation notes which identifies two required pieces of evidence for each indicator, as well as evidence toward my Student Learning Goal and Professional Practice Goal.

(teacher signature)

## SECTION 3: Narrative and Final Rating

### Instructional Practice and Professional Responsibilities Strengths/Areas for Growth and Evidence

- For all educators, list any performance strengths.
- For all educators with the summative rating of Ineffective, Developing, or Effective, include any areas for growth.
- For educators earning the Performance Levels of 1 or 2 for any Instructional Practice or Professional Responsibilities Indicators, list the directions from the pre-/post-observation conference notes or the observation evidence tool already issued.
- If a schoolwide goal(s) is determined, list the goal(s) for all educators.

Mr. Harris did listen to feedback and desired to improve his practice. He was willing to coach the students after school with various sporting activities. He facilitated a four-week chess enrichment club for intermediate students.

### Educator Plan Progress and Evidence

- Include a statement regarding the result of the teacher's Student Learning Goal and Professional Practice Goal.

Mr. Harris will increase his capacity and impact on student learning by applying the components of an effective lesson into his PE program and ensuring tasks are developmentally appropriate for his multiple grade levels and ability levels. Mr. Harris will significantly improve his classroom management as he creates engaging lessons and implements coherent and consistent routines and procedures into his lessons.

Directions:

1. Ensure your lesson plans are complete prior to the start of each work week.
2. Ensure your lessons are developmentally appropriate for each grade level and are based on the Nevada content standards and learning targets at each grade level.
3. Consistently maximize your instructional time and limit the amount of wasted time due to unnecessary transitions.
4. Improve your classroom management to maximize instruction, gain student attention and reduce off-task behaviors.

"Please be advised that, pursuant to Nevada law, your contract may not be renewed for the next school year. If you receive a 'developing' or 'ineffective' evaluation and are reemployed for a second or third year of your probationary period, you may request that your next evaluation be conducted by another administrator. You may also request, to the administrator who conducted the evaluation, reasonable assistance in improving your performance based upon the recommendations reported in the evaluation for which you request assistance, and upon such request, a reasonable effort will be made to assist you in improving your performance."

**Page 28**

11/15/2018
Final 2018-2019

CCF - 8

## Score Ranges

| Overall Score Range | Final Rating |
|---|---|
| TBD | Highly Effective |
| TBD | Effective |
| TBD | Developing |
| TBD | Ineffective |

*Score ranges for 2018-2019 pending approval by the Nevada State Board of Education.

**Please Note that Educators must:**

- Demonstrate one of the *three highest* SLG rubric scores (score of 2, 3, or 4) to be eligible to receive an *Effective* summative rating.
- Demonstrate one of the *two highest* SLG rubric scores (score of 3 or 4) to be eligible to receive a *Highly Effective* summative rating.

**Final Rating (from above): Developing**

**Educator Signature:** _____   Date: _____

**Evaluator Signature:** _____   Date: _____

**Page 29**

Clark County School District

11/15/2018
Final 2018-2019

**NRS 391.685** Policy for evaluations of teachers; conference required before and after each scheduled observation

**Dates: Observations**                    **Dates: Conferences**

Wednesday 8/8/2018      No pre conference   No post conference
Friday      8/10/2018      No pre conference   No post conference
Wednesday  8/29/2018    No pre conference   No post conference
Friday      9/7/2018      Pre conference      9/7/2018   post conference 9/10/2018
Friday      9/14/2018     No pre conference   No post conference

Tuesday    9/18/2018     No pre conference   No post conference
Thursday   9/27/2018     No pre conference   post conference    9/27/2018
Monday     10/1/2018
Tuesday    10/2/2018     No pre conference   post conference 10/3/2018

**No observation**          **conference**          Friday 10/12//2018
**Saturday   10/20/2018**   no school/ documented observation on 10/20/2018
Tuesday    10/23/2018    No pre conference   No post conference
Tuesday    10/30/2018    No pre conference   No post conference
Monday     11/5/2018     No pre conference   No post conference
Wednesday 11/7/2018      No pre conference   No post conference
Friday     11/16/2018    No pre conference   Post conference 11/16/2018
Wednesday  11/28/2018    Post conference 11/28/ 2018
Tuesday    12/4/2018     Post conference 12/5/2018
**No observation**          **conference 12/11/2018**
**RECORD OF PERSONNEL NOTIFICATION  12/20/2018**
Monday 1/14/2019    No pre conference   post conference 01/16/2019
Wednesday 1/30/2019  Pre conference 1/29/2019   no post conf.
Friday 2/01/2019    No pre conference   no post conf.
**Sunday 2/10/2019**    no school/ documented observation on 2/10/2019
Conference    Thursday 2/14/2019
Tuesday 3/5/2019    No pre conference   No post conference
Wednesday 3/6/2019  No pre conference   No post conference
Thursday 3/7/2019   No pre conference   No post conference

**Page 30**

**UNITED STATES DISTRICT COURT**

DISTRICT OF NEVADA

Case Number: 2:23-cv-00259-MMD-VCF

Case Title:  Harris vs. Clark County School District

# EXHIBIT 11

## Non-reemployment Notice  Pages 31-32

Page 31



5100 WEST SAHARA AVENUE • LAS VEGAS, NEVADA 89146 • TELEPHONE (702) 799-CCSD (2273)

**CLARK COUNTY SCHOOL DISTRICT**

BOARD OF SCHOOL TRUSTEES

Lola Brooks, President
Linda P. Cavazos, Vice President
Chris Garvey, Clerk
Irene A. Cepeda, Member
Danielle Ford, Member
Deanna L. Wright, Member
Dr. Linda E. Young, Member

Jesus F. Jara, Ed.D., Superintendent

April 26, 2019

Leroy O. Harris
2905 Big Green Lane
Las Vegas, NV 89143

**NOTICE OF NON-REEMPLOYMENT OF PROBATIONARY EMPLOYEE**

Dear Mr. Harris:

You are hereby notified that the Clark County Board of School Trustees, at a regular meeting held on April 25, 2019, directed that you not be reemployed for the 2019-2020 school year.

As you know, a probationary employee is employed on an annual basis and has no right to reemployment after a probationary contract year. Your employment as a licensed employee with the Clark County School District shall end on the last day of this school year. The reasons for the decision of non-reemployment are as follows:

Failure to satisfy performance standards of the Clark County School District. Your attention is specifically directed to your 2018-2019 Licensed Employee Appraisal Report, dated April 03, 2019.

Your attention is also directed to any and all disciplinary documents you have received this school year, if applicable.

These documents and your entire personnel file are hereby incorporated by reference as though fully set forth.

No response is required.

Sincerely,

Jesus F. Jara, Ed.D.
Superintendent

Receipt is hereby acknowledged of the foregoing one-page letter (Notice of Non-reemployment of Probationary Employee). My signature does not indicate agreement of the contents of this letter, only that I have read it and have received a copy.

MR. HARRIS REFUSED TO SIGN THE LETTER. P. Mills

_____          _____4/26/19_____
Name                                Date

**OFFICE OF THE SUPERINTENDENT**
(702) 799-5310  •  FAX (702) 799-5125

**UNITED STATES DISTRICT COURT**

DISTRICT OF NEVADA

Case Number: 2:23-cv-00259-MMD-VCF

Case Title:  Harris vs. Clark County School District

# EXHIBIT 12

## Letter to Cedric Cole  Pages 33-35

Page 33

April 27, 2019

Cedric Cole, -Executive Mgr., Diversity & Affirmative Action/ADAdx
5100 W. Sahara
Las Vegas, NV 89146

Dear Mr. Cole:

I would like to bring attention to your office, that I have reasonable belief that there was something in my workplace that was a violation of EEOC laws. In December of 2018, I filed a request for Accommodations with the Diversity and Affirmative Action/ADA and Title IX department of Clark County School District. I was asserting my rights by complaining internally several times before I filed a complaint about my need for reasonable accommodations with the Diversity and Affirmative Action Office.

BACKGROUND
Standard License- Secondary 6-12 Physical Education and History
               Elementary K-5 Physical Education
               Special K-12 School Administration
DISTICT BACKGROUND
2012-present
Past two year probation Physical Education teacher at Bunker Elementary School under supervisor of Principal Pauline Mills.

My request for workplace reasonable accommodations started in August 2018 at the beginning of the 2018-19 school year. The previous year my work place had a ramp for me to access my room and take equipment to the playground and the adjacent football field. During the summer, the ramp was removed. I met with Principal Mills, complaining internally, hoping that the problem would be solved. I was injured two times while performing my duties under unsafe working conditions. The injuries occurred when I was carrying equipment up and down the metal stairs. After no progress was being made about getting the ramp back, I met with Principal Mills on December 18, 2018 and informed her that I was going to the district office and file a complaint. Principal Mills responded to me that I was going over her head and it was her responsibility to take care of the campus needs. She appeared to be dissatisfied with me going to the district. Two days later on December 20, 2018 Principal Mills issued me a notice titled RECORD OF PERSONNEL NOTIFICATION. I felt this notice and subsequent actions, including her submitting my name to Superintendent Jara for non-reemployment were acts of retaliation against me for requesting reasonable accommodations.

It is my sincere belief that I engage in a protected activity and was subjected to a negative job action. I am requesting that Principal Mills actions and my allegations be investigated.

Sincerely,

Leroy Harris
Bunker Elementary School

**Page 34**

13

**DIVERSITY & AFFIRMATIVE ACTION/ADA & TITLE IX PROGRAMS**
5100 W SAHARA AVE • LAS VEGAS, NV 89146 • (702) 799-5087 • FAX (702) 799-5257

**CCSD**

**CLARK COUNTY**
**SCHOOL DISTRICT**

BOARD OF SCHOOL TRUSTEES

Lola Brooks, President
Linda P. Cavazos, Vice President
Chris Garvey, Clerk
Irene A. Cepeda, Member
Danielle Ford, Member
Deanna L. Wright, Member
Dr. Linda E. Young, Member

Jesus F. Jara Ed.D., Superintendent

May 22, 2019

Leroy O Harris
2905 Big Green Lane
Las Vegas, NV 89134

RE: Complaint dated May 2, 2019

Dear Mr. Harris:

Let me first explain that the Office of Diversity and Affirmative Action Programs takes all employee complaints of discrimination seriously. I want to further assure you that the Office of Diversity and Affirmative Action Programs makes a concerted effort to thoroughly and promptly address employee concerns as they arise. With that said, I have concluded my investigation into your concerns and was unable to substantiate your allegations of *"retaliation."*

Now, if you believe your contractual rights have been violated, then those issues should be addressed in accordance with the procedures outlined in the negotiated agreement. If you are unsure of how to navigate the negotiated agreement, then I would encourage you to reach out to an Association (Union) Representative and/or the Employee Management Relations (EMR) Department for guidance.

With that, I want to personally thank you for your patience while your concerns were being reviewed and investigated.

Sincerely,

Joseph Legat
Diversity and Affirmative Action/ADA and Title IX Programs

cc: Cedric Cole, Executive Manager, Diversity and Affirmative Action/ADA and Title IX Programs

Page 35

14

Main Office: 5100 WEST SAHARA AVENUE • LAS VEGAS, NEVADA 89146 • TELEPHONE (702) 799-CCSD (2273)

## Football Coaching Experience

Centennial Junior Bulldogs  2015 and 2016  (Las Vegas)

Centennial High School Varsity 2014-2015  (Las Vegas)

### *Previous Coaching experience- Sacramento, California*

**High School Football Coach of the Year
(Sacramento Bee/Sacramento Union)**

Assistant football coach Mira Loma High

Assistant football coach Rio Linda High

Assistant football coach Highlands High School

First Black High School Head Football Coach
In Sacramento Area (Highlands High)

Assistant football coach Sacramento Buffalos
Semi Professional Football

Sacramento Area Championship
Highlands High School (1980)

Assistant Football Coach Sacramento High
(2007)

Head Coach Sheriff's Team
Sacramento Pig Bowl

Head Coach Optimist All Stars (1981)

Twin Rivers League Champions  (2008)
Flag Football
**Rio Linda Jr. High School**

Page 37

**UNITED STATES DISTRICT COURT**

DISTRICT OF NEVADA

Case Number: 2:23-cv-00259-MMD-VCF

Case Title:  Harris vs. Clark County School District

**EXHIBIT 13**

**Coaching experience    Pages 36-37**

Page 36

**UNITED STATES DISTRICT COURT**

DISTRICT OF NEVADA

Case Number: 2:23-cv-00259-MMD-VCF

Case Title: Harris vs. Clark County School District

# EXHIBIT 14

## Rejected Applications   Pages 38-48

Page 38

**From:** CCSD Human Resources
**Sent:** Monday, June 1, 2020 1:25 PM
**To:** Leroy Harris
**Subject:** 2020 - 2021 PHYSICAL ED/BOYS-200005DE at CCSD



Hello Leroy Harris

We have received your application for the position of 2020 - 2021 PHYSICAL ED/BOYS-200005DE and are currently reviewing your experience and qualifications.

If you would like to review your candidate file, click here.

If your profile corresponds to our requirements, a member of our HR Department will contact you soon.

We thank you for your interest in CCSD.

Best regards,
Human Resources Department
CCSD

Replies to this message are undeliverable and will not reach the Human Resources Department. Please do not reply.

**From:** CCSD Human Resources
**Sent:** Wednesday, June 3, 2020 6:51 PM
**To:** Leroy Harris
**Subject:** PHYSICAL ED BOYS-200004XF at CCSD



Hello Leroy Harris

We have received your application for the position of PHYSICAL ED BOYS-200004XF and are currently reviewing your experience and qualifications.

If you would like to review your candidate file, click here.

If your profile corresponds to our requirements, a member of our HR Department will contact you soon.

We thank you for your interest in CCSD.

Best regards,
Human Resources Department
CCSD

Replies to this message are undeliverable and will not reach the Human Resources Department. Please do not reply.

**From:** CCSD Human Resources
**Sent:** Saturday, June 6, 2020 11:32 PM
**To:** leroyharris61@gmail.com
**Subject:** CCSD Application Status



*Dear Leroy Harris*

*Thank you for your interest in Clark County School District.*

*Your application has been reviewed and does not meet Clark County School District standards. Your application has been removed from the process.*

*Thank you*

*CCSD Human Resources*

Page 41

**From:** CCSD Human Resources
**Sent:** Tuesday, July 14, 2020 5:20 PM
**To:** Leroy Harris
**Subject:** 2020-2021 In House Teacher (9-12) - Canyon Springs HS-2000062V at CCSD



Hello Leroy Harris

We have received your application for the position of 2020-2021 In House Teacher (9-12) -
Canyon Springs HS-2000062V and are currently reviewing your experience and qualifications.

If you would like to review your candidate file, click here.

If your profile corresponds to our requirements, a member of our HR Department will contact
you soon.

We thank you for your interest in CCSD.

Best regards,
Human Resources Department
CCSD

Replies to this message are undeliverable and will not reach the Human Resources
Department. Please do not reply.

Page 42

**From:** CCSD Human Resources
**Sent:** Wednesday, July 22, 2020 4:54 PM
**To:** Leroy Harris
**Subject:** 2020-2021 HEALTH TEACHER-200005WM at CCSD



Hello Leroy Harris

We have received your application for the position of <u>2020-2021</u> HEALTH TEACHER-200005WM and are currently reviewing your experience and qualifications.

If you would like to review your candidate file, <u>click here</u>.

If your profile corresponds to our requirements, a member of our HR Department will contact you soon.

We thank you for your interest in CCSD.

Best regards,
Human Resources Department
CCSD

Replies to this message are undeliverable and will not reach the Human Resources Department. Please do not reply.

Page 43

**From:** CCSD Human Resources
**Sent:** Friday, July 31, 2020 8:10 PM
**To:** Leroy Harris
**Subject:** SOCIAL STUDIES TEACHER – NEVADA LEARNING ACADEMY-200006LN at CCSD



Hello Leroy Harris

We have received your application for the position of SOCIAL STUDIES TEACHER – NEVADA LEARNING ACADEMY-200006LN and are currently reviewing your experience and qualifications.

If you would like to review your candidate file, click here.

If your profile corresponds to our requirements, a member of our HR Department will contact you soon.

We thank you for your interest in CCSD.

Best regards,
Human Resources Department
CCSD

Replies to this message are undeliverable and will not reach the Human Resources Department. Please do not reply.

**From:** CCSD Human Resources
**Sent:** Thursday, August 6, 2020 2:42 PM
**To:** Leroy Harris
**Subject:** 2020-2021 HISTORY TEACHER - - WESTERN HS-200006IZ at CCSD



Hello Leroy Harris

We have received your application for the position of 2020-2021 HISTORY TEACHER - -
WESTERN HS-200006IZ and are currently reviewing your experience and qualifications.

If you would like to review your candidate file, click here.

If your profile corresponds to our requirements, a member of our HR Department will contact
you soon.

We thank you for your interest in CCSD.

Best regards,
Human Resources Department
CCSD

Replies to this message are undeliverable and will not reach the Human Resources
Department. Please do not reply.

**Do Not Reply**                                    Wed, Aug 28, 4:59 PM (17 hours ago)

to
me

Thank you for participating in the Clark County School District's application process. Your interest is genuinely appreciated.

After careful review of your application, we regret to inform you that your file is not among those to receive further consideration for employment with the Clark County School District. Our process is extremely competitive and at this time, your application is not competitive with other applicants.

We wish you continued success in your professional goals.

Sincerely,

School and Department Recruitment
Human Resources Division
Clark County School District
702-799-5427

Page 46

**Do Not Reply**                                    Tue, Oct 15, 3:59 PM (2 days ago)
**<donotreply@services.peopleadmin.com>**
■
me

Thank you for participating in the Clark County School District's application process.
Your interest is genuinely appreciated.

After careful review of your application, we regret to inform you that your file is not
among those to receive further consideration for employment with the Clark County
School District. Our process is extremely competitive and at this time, your
application is not competitive with other applicants.

We wish you continued success in your professional goals.

Sincerely,

School and Department Recruitment
Human Resources Division
Clark County School District

Coaching Application

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Case Number: 2:23-cv-00259-MMD-VCF

Case Title: Harris vs. Clark County School District

# EXHIBIT 15

# Discrimination Complaint    Pages 49-51

Page 49

EEOC FORM 131 (11/09)

## U.S. Equal Employment Opportunity Commission

| | PERSON FILING CHARGE |
|---|---|
| Cedric Cole,  - Executive Mgr., Diversity & Affirmative Action<br>Clark County School District<br>5100 W. Sahara<br>Las Vegas, NV  89146 | Leroy   Harris |

| THIS PERSON (check one or both) |
|---|
| [X] Claims To Be Aggrieved |
| [ ] Is Filing on Behalf of Other(s) |

| EEOC CHARGE NO. |
|---|
| 34B-2021-00302 |

## NOTICE OF CHARGE OF DISCRIMINATION
(See the enclosed for additional information)

This is notice that a charge of employment discrimination has been filed against your organization under:

[ ] Title VII of the Civil Rights Act (Title VII)     [ ] The Equal Pay Act (EPA)     [ ] The Americans with Disabilities Act (ADA)

[ ] The Age Discrimination in Employment Act (ADEA)     [ ] The Genetic Information Nondiscrimination Act (GINA)

The boxes checked below apply to our handling of this charge:

1. [ ] No action is required by you at this time.

2. [ ] Please call the EEOC Representative listed below concerning the further handling of this charge.

3. [X] Please provide by 18-Oct-21 a statement of your position on the issues covered by this charge, with copies of any supporting documentation to the EEOC Representative listed below.  Your response will be placed in the file and considered as we investigate the charge.  A prompt response to this request will make it easier to conclude our investigation.

4. [ ] Please respond fully by  to the enclosed request for information and send your response to the EEOC Representative listed below.  Your response will be placed in the file and considered as we investigate the charge.  A prompt response to this request will make it easier to conclude our investigation.

5. [ ] EEOC has a Mediation program that gives parties an opportunity to resolve the issues of a charge without extensive investigation or expenditure of resources.  If you would like to participate, please say so on the enclosed form and respond by to

If you DO NOT wish to try Mediation, you must respond to any request(s) made above by the date(s) specified there.

For further inquiry on this matter, please use the charge number shown above.  Your position statement, your response to our request for information, or any inquiry you may have should be directed to:

| Dennis Maginot,<br>Compliance Investigator II<br><br>EEOC Representative<br>Telephone      (775) 823-6690 | Nevada Equal Rights Commission<br>1820 East Sahara Avenue<br>Suite 314<br>Las Vegas, NV 89104<br>Fax: (775) 688-1292 |
|---|---|

Enclosure(s):  [X] Copy of Charge

## CIRCUMSTANCES OF ALLEGED DISCRIMINATION

[ ] Race   [ ] Color   [ ] Sex   [ ] Religion   [ ] National Origin   [ ] Age   [ ] Disability   [ ] Retaliation   [ ] Genetic Information   [ ] Other

See enclosed copy of charge of discrimination.

| Date | Name / Title of Authorized Official | Signature |
|---|---|---|
| September 13, 2021 | Kara M. Jenkins,<br>Administrator | Kara M Jenkins |

Page 50

 **ODETR**    **Discrimination Intake Form**

| Date of Submission: | 12/04/2020 |
|---|---|

**Section A**

3 4B·2021·003②2✗

| Mr./Mrs | Mr. | | |
|---|---|---|---|
| First Name | Leroy | Last name | Harris |
| Birth Date | 06/02/1947 | Street | 2512 Faiss Dr. |
| Apt/Space/Room | | City | Las Vegas |
| State | NV | Zip Code | 89134 |
| Email | Leroyharris61@gmail.com | Phone | (916) 747-2289 |
| Cell Phone | (916) 747-2289 | If YES, what language? | |

**Section B**

| Company Name | Clark County School District (CCSD) | Company Phone | (702) 799-2273 |
|---|---|---|---|
| Street | 5100 West Sahara Avenue | Apt/Space/Room | |
| City | Las Vega | State | NV |
| Zipcode | 89146 | | |

**Section C**

| Relationship | Wife | Telephone | (702) 279-3082 |
|---|---|---|---|
| First Name | Elsie | Last Name | Nixon |
| Street | 2512 Faiss Dr.20 | Apt/Space/Room | |
| City | Las Vegas | State | NV |
| Zip Code | 89134 | | |

**Section D**

| Hire Date | 04/01/2012 | Last Date Worked | 05/20/2019 |
|---|---|---|---|
| Date of alleged Discriminatory act | 08/28/2020 | Present/ending position title | Teacher |
| Present/Ending Pay $ | 4,900.00 | Per | Annually |

**Section E**

| | | |
|---|---|---|
| ☐ Race | ☐ Color | |
| ☐ Religion | ☒ Disability | refused to provide reasonable accommodations |
| ☐ Age | ☐ National Origin | |
| ☐ Sex | ☐ Sexual Orientation | |
| ☒ Retaliation | refused to accept application for future employment/after one year suspension | ☐ Gender Identity or Expression |

**Section F**

| | | | |
|---|---|---|---|
| ☐ Demotion | | ☐ Discharge | |
| ☒ Layoff | 04/26/2019 | ☒ Fail to Hire | 08/28/2020 |
| ☐ Harassment | | ☐ Forced Resignation | |
| ☐ Fail to Promote | | ☐ Sexual Harassment | |
| ☐ Failure to Compensate | | ☐ Fail to Represent (Union) | |
| ☒ Failure to Accommodate Date | 08/10/2018 | ☐ Pregnancy/Maternity | |

# UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

Case Number: 2:23-cv-00259-MMD-VCF

Case Title: Harris vs. Clark County School District

# EXHIBIT 16

# Right to Sue (EEOC)    Pages 52-55

Page 52



**U.S. Department of Justice**

Civil Rights Division

---

*Disability Rights Section – 4 Con*
*950 Pennsylvania Ave, NW*
*Washington, DC  20530*

**January 30, 2023**

**VIA EMAIL:LeroyHarris61@gmail.com**

Leroy Harris
2512 Faiss Drive
Las Vegas, NV 89134

Re:    EEOC Charge Against:       Clark County School District
       EEOC No.:                 34B-2021-00302

Dear Mr. Harris:

## NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge, and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you or your attorney has specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq.  If you choose to commence a civil action, such suit must be filed in the appropriate court within 90 days of your receipt of this Notice.  This should not be taken to mean that the Department has made a judgment as to whether or not your charge is meritorious.

If you or your attorney has any questions concerning this matter or wish to inspect the investigative file, please address your inquiry to: Los Angeles District Office. U.S. Equal Employment Opportunity Commiss…

Enclosed you will find a Notice of Rights under the ADA Amendments Act of 2008 (ADAAA). We are forwarding a copy of this Notice of Right to Sue to the Respondent in this case.

Sincerely,
Kristen Clarke
Assistant Attorney General
Civil Rights Division


BY: *Celeste A. Adams-Simmons*
Celeste A. Adams-Simmons
Senior Investigator
Disability Rights Section


Enclosures:
Notice of Rights under the ADAAA
EEOC Right to Sue


cc:    Clark County School District
EEOC- Los Angeles District Office

2

EEOC Form 161-B (01/2022)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Mr. Leroy Harris<br>2512 Faiss Drive<br>Las Vegas, NV 89134 | From: | Los Angeles District Office<br>255 East Temple St, 4th Floor<br>Los Angeles, CA 90012 |
|---|---|---|---|

| EEOC Charge No.<br>34B-2021-00302 | EEOC Representative<br>**KARRIE MAEDA,**<br>**State, Local & Tribal Program Manager** | Telephone No.<br>12137853002 |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court <u>**WITHIN 90 DAYS**</u> of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

　　　More than 180 days have passed since the filing of this charge.

　　　The EEOC is terminating its processing of this charge.

*Equal Pay Act (EPA): You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.*

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

# Karrie L. Maeda

Digitally signed by Karrie L. Maeda
Date: 2023.01.30 08:51:19 -08'00'

For
**Christine Park-Gonzalez**
**Acting District Director**

Enclosures(s)

cc:　Cedric Coh
　　**CLARK COUNTY SCHOOL DISTRICT**
　　5100 W. SAHARA A\ ...
　　Las Vegas. NV 891. .

# UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

Case Number: 2:23-cv-00259-MMD-VCF

Case Title:  Harris vs. Clark County School District

## EXHIBIT 17

## Teacher Shortage   Pages 56-60

Page 56

# Clark County School District needs to hire 750 more teachers

**By: Kelsey McFarland**
*Posted at 8:04 AM, Aug 12, 2019*

*and last updated 8:04 AM, Aug 12, 2019*

LAS VEGAS (KTNV) — As Clark County School District students are return to school, the district is kicking off the new year with a teacher shortage. There are 750 classroom vacancies the district still needs to fill.

# Nevada, facing a shortage, struggles to keep teachers

**By AMELIA PAK-HARVEY LAS VEGAS REVIEW-JOURNAL**
March 11, 2017 - 11:08 pm

# Clark County, Nevada pursue more teachers as new school year looms

**MICHELLE RINDELS THE ASSOCIATED PRESS**
July 3, 2016 - 7:16 pm

Page 57

LAS VEGAS REVIEW-JOURNAL, Sunday, January 10, 2021 5B

# Change to executive order lets foreign teachers fill CCSD vacancies

**By Gary Martin**
Review-Journal Washington Bureau

WASHINGTON — Under bipartisan pressure from Congress and federal courts, the Trump administration is allowing foreign exchange teachers into Nevada and other states despite a presidential order that had barred immigrants with special visas from entry.

For Clark County, that means about 100 foreign exchange teachers from the Philippines will help fill the educational needs in the Las Vegas area, which has been hit hard by the coronavirus pandemic.

House Democrats and Republi-

cans from other states rallied against President Donald Trump after he issued a proclamation in June that banned foreign nationals from entering the United States legally through the J-1 visa program for teachers.

The lawmakers, including Rep. Dina Titus, D-Nev., noted that while the president banned the entry of needed teachers in his immigration proclamation, Trump also declared teachers "essential workers" as the pandemic threatened to close schools nationally.

In October, a federal judge in California ordered the State Department to partially lift the ban on some visas covered by the president's proclamation.

"The Trump administration tried to use the pandemic as a guise for enacting unnecessary immigration restrictions," Titus said. "This cruel anti-immigrant agenda prevented the Clark County School District from hiring around 100 teachers to fill key vacancies, especially in special education classes."

School districts in several states had used the J-1 visa program to help augment teaching staff and fill special positions. North Carolina is one state that has relied on the State Department program to provide personnel for teaching needs.

Educators and lawmakers argued that the visa program was essential

for providing instructors in high-need subject matter through cultural exchange programs.

In a July 7 letter to Trump, Titus and Rep. Susie Lee, D-Nev., said the Clark County School District had hired 95 foreign teachers before the proclamation.

"Without the 95 planned additions to its staff, the district will now have approximately 772 licensed vacancies, 188 of which are special education teachers," Titus and Lee said.

Over several months of legal wrangling and court rulings, the State Department finally allowed the teachers hired by Clark County to enter the state, Titus said.

Page 59

2B NE    A Thursday, December 3, 2020 LAS VEGAS REVIEW-JOURNAL

# State eases requirements for substitute teachers

## Allows districts to hire on emergency basis

By Julie Wootton-Greener
Las Vegas Review-Journal

The Nevada Department of Education has announced a regulation that will make it easier for public schools to hire emergency substitute teachers — who are required to have only a high school diploma — during the COVID-19 pandemic.

Gov. Steve Sisolak signed the emergency regulation Nov. 25 and the department announced it Monday.

It will remain in effect through Feb. 24.

Emergency substitute teachers have previously been allowed only in rural school districts or in areas with fewer than 9,000 students.

And emergency hires were allowed to work only up to five days in a 20-day period.

All of Nevada's public



Benjamin Hager Las Vegas Review-Journal @benjaminhphoto
With the COVID-19 pandemic continuing to create challenges for school districts, the Nevada Department of Education loosened requirements temporarily for substitute teachers.

school districts and public charter schools are now allowed to hire emergency substitute teachers. And there's no restriction on how many days they can work.

"thanks to the governor's swift action, districts will be better able meet the needs of students and families by supporting multiple instructional models," state Superintendent of Public

Instruction Jhone Ebert said in a news release.

"We remain committed to ensuring that all of Nevada's districts and charter schools have the tools and flexibility they need to provide equitable access to educational opportunities for all students during this pandemic."

Emergency substitute teachers are required to have only a high school diploma or equivalent.

Regular substitute teachers must have at least 60 credits from a college or university or an associate's degree or higher in order to get a license.

The Clark County School District is operating under 100 percent distance education since a new school year began in late August. Since then many substitutes have said they're struggling to get assignments and are running into issues getting unemployment claims approved.

The school district has approximately 4,000 substitute teachers in its pool, spokesman Mauricio Marin said Tuesday

Since the start of the school year, the district has seen on average about 900 daily requests for a substitute.

Substitute teachers in the school district will get a pay raise in January — the first increase in more than a decade. The change came after substitute teachers held protests at School Board meetings earlier this year.

The Washoe County School District is experiencing a staffing shortage amid the pandemic due to factors such as employees being quarantined after testing positive for COVID-19 or coming in close contact with someone who is ill. Middle and high schools in the district will switch from a hybrid model to 100 percent distance learning on Wednesday, but elementary schools will continue with full-time, in-person classes.

Contact Julie Wootton-Greener at jgreener@reviewjournal.com or 702-387-2921. Follow @julieswootton on Twitter.

# Here are the neighborhoods hit hardest by CCSD's teacher shortage

By
**April Corbin Girnus**
-
August 16, 2019

Some schools began the academic year completely staffed or with only one vacancy. At the same time, at least five high schools — Canyon Springs,(89032) Eldorado, Western, Mojave and Sunrise Mountain — had more than 10 open jobs listed on the second day of school. Canyon Springs, zip code 89032 was fifth highest.

Mojave High School led the district in the number of job postings with 14 openings across a variety of subjects. The school is located in 89031, the zip code with the fourth highest number of teacher vacancies.

"The trustees have a strategic plan but it does not address the geographic intra district issue," says Lazos. "It talks about achievement gaps and advancing the district overall but it doesn't focus on this problem we clearly have of poor schools struggling. That needs to be addressed."

In reality, the vacancies are not evenly spread out. Schools in low-income zip codes are bearing the brunt of the shortage, according to an analysis by the *Current*.

It's an unsurprising but overlooked component of educational equity that has

Page 1 Neighborhoods