UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| LEROY HARRIS,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br>CLARK COUNTY SCHOOL DISTRICT,<br><br>　　　　　　　　　Defendant. | Case No. 2:23-cv-00259-MMD-MDC<br><br>ORDER |

**I.　SUMMARY**

*Pro se* Plaintiff Leroy Harris sued his former employer, Defendant Clark County School District, under the Americans With Disabilities Act of 1990, 42 U.S.C. § 12131, *et seq.* ("ADA"). (ECF No. 27.) This order resolves the currently pending motions (ECF Nos. 29, 33, 40, 43) and gives Plaintiff an opportunity to file a second amended complaint. However, the Court admonishes Plaintiff that it will dismiss this case with prejudice if he does not file a second amended complaint consistent with this order within 30 days. The Court further admonishes Plaintiff that he must attempt to familiarize himself with the Federal Rules of Civil Procedure, the Court's Local Rules,[1] and all orders entered by the Court or United States Magistrate Judge Maximiliano D. Couvillier, III. Compliance with applicable procedural requirements going forward will make the Court better able to adjudicate the merits of Plaintiff's claims.

**II.　BACKGROUND**

Plaintiff filed an initial Complaint against Defendant. (ECF No. 2.) Defendant moved to dismiss it. (ECF No. 13.) In response, Plaintiff filed what appeared to be a proposed amended complaint. (ECF No. 15.) Because Plaintiff is proceeding *pro se*, the

---

[1]United States District Court, District of Nevada, *Local Rules of Practice* (Last Amended Apr. 12, 2020), *available at* https://www.nvd.uscourts.gov/wp-content/uploads/2020/04/Local-Rules-of-Practice-Amended-2020.pdf.

Court construed his response as a motion for leave to amend, granted it, denied Defendant's initial motion to dismiss as moot, and deemed the proposed amended complaint the operative complaint. (ECF No. 25.) At the Court's direction, the Clerk of Court filed Plaintiff's proposed amended pleading as the first amended complaint. (ECF No. 27 ("FAC"); *see also* ECF No. 25.) The FAC remains the operative complaint in this case.

In the FAC, Plaintiff alleges four claims for violation of the ADA. (ECF No. 27.) The first claim focuses on alleged failure to accommodate his alleged disability because a ramp he used to transport sports equipment to a physical education area was removed. (*Id.* at 10.) His second claim focuses on allegations that the principal of the school where he worked declined to rehire him in retaliation for him complaining about the removal of the ramp. (*Id.* at 11.) Plaintiff's third claim also appears to allege the same retaliation theory, but is titled 'Unlawful Termination of Employment' under a Nevada statute. (*Id.* at 12.) Plaintiff's fourth claim alleges he was not hired for several jobs he applied for with Defendant in the summer of 2020 because of his disability. (*Id.* at 12-13.)

Defendant moved to dismiss the FAC. (ECF No. 29.) In response to Defendant's motion, Plaintiff states that he stipulates to the dismissal of his first three claims alleged in the FAC. (ECF No. 31 at 2.) However, he opposes dismissal of his fourth claim alleging a failure to hire because of his disability. (*Id.*) That said, Plaintiff also discusses a 42 U.S.C. § 1983 claim for violation of his Fourteenth Amendment rights (*id.*)—indeed, much of his responsive argument is devoted to arguing that his 'fourth claim' regarding violation of his constitutional rights under Section 1983 should not be dismissed (*id.* at 10-12). In reply, and among other arguments, Defendant points out in pertinent part that Plaintiff cannot assert a Section 1983 claim "for violation of Title VII or ADA." (ECF No. 32 at 7.) Defendant further explains that this argument is only even relevant if Plaintiff had asserted a Section 1983 claim in an operative pleading, and he has not. (*Id.* at 4 n.4.)

Next, Plaintiff filed a motion for summary judgment on his unasserted Section 1983 claim. (ECF No. 33.) Defendant responds that Plaintiff's motion is premature for several

2

reasons, appears to be based on a misreading of a minute order the Court issued, alternatively should be denied on its merits, and denied because it is based on a Section 1983 claim not asserted in the operative FAC. (ECF No. 36.)[2]

Defendant then filed a motion to stay the dispositive motion deadline, requesting the Court stay all deadlines in the case until the Court adjudicates the motion to dismiss it had previously filed. (ECF No. 40.) Plaintiff opposed this motion, and Defendant filed a reply. (ECF Nos. 42, 45.) But apparently in part because the Court did not rule on that motion before the dispositive motion deadline arrived, Defendant filed a precautionary[3] motion for summary judgment on all Plaintiffs' claims asserted in the FAC along with Plaintiff's unasserted Section 1983 claim. (ECF No. 43.) Plaintiff opposed that motion as well. (ECF No. 48.) As of the date of entry of this order, the deadline for Defendant to file its reply in support of its motion for summary judgment has not yet elapsed. (*See id.*)

**III.    DISCUSSION**

The FAC is currently the operative complaint. (ECF No. 27.) Plaintiff consents to the dismissal of the first three claims in it. (ECF No. 31 at 2.) Defendant's motion to dismiss (ECF No. 29) is accordingly granted as to those three claims regarding an alleged denial of reasonable accommodations, and alleged failure to rehire Plaintiff in retaliation for his requests for accommodation (ECF No. 27 at 10-12).

That leaves Plaintiff's fourth claim for an alleged ADA violation regarding Defendant's decision not to hire him for eight jobs he applied for in the summer of 2020 because of his disability. (*Id.* at 12-13.) Defendant argues in pertinent part that the Court must dismiss this claim because Plaintiff failed to sufficiently allege discrimination, instead simply concluding in the pertinent section of the FAC that Defendant failed to rehire him because of his disability. (ECF No. 29 at 13.) The Court agrees with Defendant.

///

---

[2] Plaintiff filed a reply. (ECF No. 39.)

[3] Defendant repeatedly mentions how the outcome of the motion could depend on whether and how the Court rules on its previously filed motions to dismiss and to stay the dispositive motion deadline. (*See, e.g.,* ECF No. 43 at 11.)

"[U]nder the ADA, an employee bears the ultimate burden of proving that he is (1) disabled under the Act, (2) a 'qualified individual with a disability,' and (3) discriminated against 'because of" the disability." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 988 (9th Cir. 2007). Here, Plaintiff merely alleges in a conclusory fashion that he was not hired because of his disability. (ECF No. 27 at 12-13.) But mere recitation of the elements does not suffice without the accompanying, sufficient factual allegations that could state a plausible claim. *See, e.g.*, *Franklin v. Adams & Assocs., Inc.*, 817 F. App'x 505, 506 (9th Cir. 2020) (making similar findings). Indeed, the same pleading standards apply to ADA claims as every other case in federal court. To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plaintiff has not done that in his FAC with respect to his fourth claim. The Court thus also grants Defendant's motion to dismiss (ECF No. 29) as to Plaintiff's fourth claim regarding Defendant's decision not to hire him for the various jobs he applied for in the summer of 2020 (ECF No. 27 at 12-13).

In sum, the Court dismisses Plaintiff's FAC (*id.*) in its entirety.

Turning to Plaintiff's purported Section 1983 claim, it is not before the Court because the operative FAC does not contain a Section 1983 claim, or even mention Section 1983. (ECF No. 27.) *See also Trishan Air, Inc. v. Fed. Ins. Co.*, 635 F.3d 422, 435 (9th Cir. 2011) (finding that because the plaintiff's "complaint did not raise this claim, it was not properly before the district court."). Plaintiff's motion for summary judgment on this unasserted claim (ECF No. 33) is accordingly denied. *See id.* n.19 (noting that the plaintiff had raised the claim for the first time in opposition to a motion for summary judgment).

But that said, it certainly appears that Plaintiff is attempting to assert a disability discrimination claim based on Defendant's failure to hire him for the jobs he applied for in the summer of 2020, and/or a Section 1983 claim based on the same failure to hire him. (ECF No. 31 at 10-11.) *See Orion Tire Corp. v. Goodyear Tire & Rubber Co.*, 268 F.3d

1133, 1137-38 (9th Cir. 2001) (specifying that facts raised for the first time in a plaintiff's opposition papers should be considered by the Court in determining whether to grant leave to amend or to dismiss the complaint with or without prejudice). The Court has discretion to grant leave to amend and should freely do so "when justice so requires." Fed. R. Civ. P. 15(a); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990). The Court is also mindful—as it was when it issued a prior order construing Plaintiff's response to Defendant's initial motion to dismiss as a motion for leave to amend—of the fact that Plaintiff is proceeding *pro se*. (ECF No. 25 (citing cases).)

For all of these reasons, the Court grants Plaintiff leave to file a second amended complaint within 30 days of the date of entry of this order. However, Plaintiff may only attempt to assert claims based on Defendant's failure to hire him for the jobs he applied for in the summer of 2020, as he consented to the dismissal of his first three claims based on different factual allegations. To the extent Plaintiff wishes to challenge Defendant's failure to hire him for the jobs he applied for in the summer of 2020 under the ADA, the Court refers him to the elements of that claim *supra*. To the extent Plaintiff wishes to bring a claim under Section 1983 based on the same factual allegations, he should be aware of the law provided below.

42 U.S.C. § 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. *See Graham v. Connor*, 490 U.S. 386, 393-94 (1989). Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). To state a claim under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and the laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Moreover, because Plaintiff has only named the Clark County School District as a defendant, Plaintiff should also be aware of the following law.

///

"A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving force behind a violation of constitutional rights." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (*citing Monell v. Dept. of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978)). "In order to establish liability for governmental entities under *Monell*, a plaintiff must prove '(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the [governmental entity] had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.'" *Dougherty*, 654 F.3d at 900 (quoting *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir.1997)).

Because the Court is granting Plaintiff leave to file a second amended complaint based on Defendant's decision not to hire him for the various jobs he applied to in the Summer of 2020, the Court denies Defendant's motion for summary judgment (ECF No. 43) as premature. The Court also denies Defendant's motion to stay the dispositive motion deadline (ECF No. 40) as moot.

The Court gives Plaintiff 30 days to file his second amended complaint in line with this order. If Plaintiff does not timely comply, the Court will dismiss this case with prejudice. If Plaintiff does timely comply, the Court will refer this case to Magistrate Judge Couvillier to set a new case schedule, under which Defendant will have the opportunity to file additional dispositive motions targeting the contemplated second amended complaint. But to start, Defendant will have 20 days from the date Plaintiff files his second amended complaint to answer or otherwise respond.

**IV.   CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

///

It is therefore ordered that Defendant Clark County School District's motion to dismiss (ECF No. 29) is granted as specified herein.

It is further ordered that Plaintiff's operative first amended complaint (ECF No. 27) is dismissed, in its entirety, without prejudice, and with leave to amend.

It is further ordered that Plaintiff's motion for summary judgment (ECF No. 33) is denied as specified herein.

It is further ordered that Defendant's motion to stay the dispositive motion deadline (ECF No. 40) is denied as moot, as specified herein.

It is further ordered that Defendant's motion for summary judgment (ECF No. 43) is denied as specified herein.

It is further ordered that Plaintiff may file a second amended complaint consistent with this order within 30 days.

It is further ordered that if Plaintiff does not timely file a second amended complaint consistent with this order, the Court will dismiss this case with prejudice.

It is further ordered that, if Plaintiff timely files a second amended complaint consistent with this order, Defendant will have 20 days to file a responsive pleading or motion.

It is further ordered that, if Plaintiff timely files a second amended complaint consistent with this order, the Court will refer the process of adopting a revised scheduling order to United States Magistrate Judge Maximiliano D. Couvillier, III.

DATED THIS 1st Day of March 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE